909 F.2d 1484
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norwood I. PARKER, Petitioner-Appellant,
v.
U.S. BUREAU OF PRISONS, U.S. Parole Commission, Bill Story,
Warden, F.C.I., Ashland, Kentucky, Respondents-Appellees.
 No. 89-6331.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1990.
 
 Before KEITH, KRUPANSKY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Norwood I. Parker (a.k.a. Woody Parker), a pro se federal prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 While serving a six year term of imprisonment for filing false and fraudulent income tax returns, Parker was granted an effective parole date of April 18, 1988. Prior to that date, the Parole Commission learned of new criminal conduct committed by Parker while in prison and scheduled a recision hearing. At the hearing, the Commission found that Parker had committed new criminal conduct while in prison and continued him to his mandatory release date, July 14, 1989. Subsequently, Parker pleaded guilty to a violation of 18 U.S.C. Sec. 286 (conspiracy to file false tax returns) and was sentenced to thirty months imprisonment, consecutive to his earlier sentence.
 
 
 3
 In this case, Parker challenged the computation of his sentence and the manner in which his original parole date was rescinded. He seeks credit against his thirty month sentence for the period from April 18, 1988 to July 14, 1989.
 
 
 4
 Upon de novo review of the magistrate's report in light of Parker's objections, the district court adopted the magistrate's recommendation and dismissed the case as being without merit. Parker has filed a timely appeal challenging the district court's action.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated in the magistrate's report and recommendation of July 25, 1989, as adopted by the district court's order of October 13, 1989.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.